FILED

2023 Nov-29  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:23-cr-191-LSC-SGC** |
| | ) | |
| **JOSE NICOLAS FLORES** | ) | |

## PLEA AGREEMENT

The Government and the defendant, **Jose Nicolas Flores,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to Count One, Count Two, Count Three, and Count Four of the **Indictment** filed in the above-numbered and -captioned matter; (ii) consent to forfeiture as described in section XII below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement.  In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in section **VII.**

Defendant's Initials _Jo F_

## TERMS OF THE AGREEMENT

**I.    MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for **Conspiracy to Commit an Offense** in violation of Title **18**, United States Code, Section **371**, as charged in **COUNT ONE** is:

**A.**    Imprisonment for not more than **5** years;

**B.**    A fine of not more than **$250,000**, or,

**C.**    Both A and B;

**D.**    Supervised release of not more than **3** years; and

**E.**    A special assessment of **$100**.

The defendant understands that the maximum statutory punishment that may be imposed for **Making a False Statement During a Firearm Purchase** in violation of Title **18**, United States Code, Section **922(a)(6)**, as charged in **COUNT TWO** is:

**A.**    Imprisonment for not more than **10** years;

**B.**    A fine of not more than **$250,000**, or,

**C.**    Both A and B;

**D.**    Supervised release of not more than **3** years; and

**E.**    A special assessment of **$100**.

Defendant's Initials _J.F._

The defendant understands that the maximum statutory punishment that may be imposed for **Straw Purchasing of a Firearm** in violation of Title **18**, United States Code, Section **932(b)(2) and (c)(1)**, as charged in **COUNT THREE** is:

    **A.**    Imprisonment for not more than **15** years;

    **B.**    A fine of not more than $**250,000**, or,

    **C.**    Both A and B;

    **D.**    Supervised release of not more than **3** years; and

    **E.**    A special assessment of $**100**.

The defendant understands that the maximum statutory punishment that may be imposed for **Firearms Trafficking** in violation of Title **18**, United States Code, Section **933(a)(1) and (a)(3)** as charged in **COUNT THREE** is:

    **F.**    Imprisonment for not more than **15** years;

    **G.**    A fine of not more than $**250,000**, or,

    **H.**    Both A and B;

    **I.**    Supervised release of not more than **3** years; and

    **J.**    A special assessment of $**100**.

The defendant understands that the maximum statutory punishment that may be imposed for **Straw Purchasing of a Firearm** in violation of Title **18**, United States Code, Section **932(b)(2)**, as charged in **COUNT FOUR** is:

    **K.**    Imprisonment for not more than **15** years;

Defendant's Initials _____

**L.**     A fine of not more than $**250,000**, or,

**M.**     Both A and B;

**N.**     Supervised release of not more than **3** years; and

**O.**     A special assessment of $**100**.

## II.     FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On December 1, 2022, Juan Antonio DURAN called Birmingham Pistol Wholesale ("BPW"), a federally licensed firearms dealer located in Trussville, Alabama. DURAN wanted to buy two Barrett .50 caliber rifles with cash at a total purchase price of approximately $20,000. During the call, DURAN appeared unfamiliar with the rifle; he wasn't aware that there were options such as bolt-action or semiautomatic, different barrel lengths and different colors. DURAN told the BPW employee that he was from North Dakota but lived in Oklahoma.

On May 5, 2023, DURAN and Jose Nicolas FLORES went to High End Armament Technology, Inc. ("High End"), a federally licensed firearms dealer located in Tulsa, Oklahoma. FLORES attempted to purchase a Barrett .50 caliber rifle. The purchase was denied because FLORES failed to present identification containing his residence address.

Defendant's Initials _____

On May 8, FLORES obtained an Oklahoma identification card. Shortly after, FLORES called High End and told them he had obtained identification and wanted to purchase a Barrett .50 caliber rifle. High End told FLORES that the business was closed for the day.

That same day, DURAN and FLORES drove to Birmingham, Alabama in a black 2016 Nissan Titan owned by DURAN. License Plate Readers captured DURAN's vehicle within the city limits of Birmingham by 7:00 PM. Tulsa is more than 600 miles from Birmingham by car – an approximately 9 hour drive.

The next morning, DURAN and FLORES walked into BPW just after they opened at 9:00am. FLORES selected three Barrett .50 caliber rifles for purchase, which were listed on the ATF Form 4473. DURAN watched while FLORES completed ATF Form 4473. FLORES marked "yes" to question 21a, which asks, "are you the actual transferee/buyer of all the firearms listed on this form?" FLORES then signed it, certifying that he was the actual transferee/purchaser. BPW rang up his total as approximately $31,860.42. FLORES said he would pay in cash. At ATF's direction, the purchase was delayed, and the transaction was not completed. Instead, FLORES purchased BPW's entire stock of Barrett .50 caliber rifle magazines. The total for the fifteen magazines was $2,769.

DURAN and FLORES left the store. ATF surveillance followed and last saw them headed west on Interstate 22 about ten miles outside of the Birmingham city

Defendant's Initials J.F.

limits. Later, local law enforcement saw DURAN's vehicle drive through Memphis, Tennessee traveling westbound.

On May 10, DURAN and FLORES returned to High End in Tulsa, Oklahoma to complete the Barrett. .50 caliber rifle purchase. At the direction of ATF, High End delayed the transfer pending completion of a background check. FLORES prepaid for the rifle and was told they could pick up the firearm in the next couple of days.

Soon after, at ATF's request, BPW called DURAN and FLORES and told them that the background check was complete, and the transfer could proceed. DURAN and FLORES advised they would pick up the rifles the next day.

On May 11, DURAN and FLORES arrived to BPW in DURAN's vehicle at approximately 9:20am. Both entered the store where a store employee provided FLORES his ATF Form 4473 for recertification. FLORES signed ATF Form 4473 and was directed to a back room to count the approximately $31,000 in U.S. currency. While there, FLORES said he worked in the restaurant business and saved his money. Agents detained FLORES and seized additional U.S. currency from him.

Meanwhile, DURAN was directed to move his vehicle to the back warehouse area to receive the rifles. Once there. ATF agents detained DURAN, who told agents there was a firearm in the vehicle. As he was being detained, agents seized a truck key and $1,950 from DURAN. Agents also seized two cell phones belonging to DURAN from his vehicle. Later, S/A Spivey searched DURAN's vehicle pursuant

Defendant's Initials _J. F._

to a federal search warrant. He found a loaded Ruger 5.7x28mm pistol and an extra magazine. Both magazines had a capacity of 20 rounds.

In preparing to seek a search warrant for DURAN's cell phones, S/A Spivey removed the case from one of them. Between the phone and the case S/A Spivey found a receipt for three Barrett .50 caliber rifles purchased from BattleHawk Armory in Grimes, Iowa on April 28, 2023. The customer, C.L., gave a Tulsa, OK, address. The purchase was made in cash for $35,843.91.

During a post-*Miranda* interview, FLORES admitted that he received more than $40,000 in U.S. currency from DURAN for the purpose of buying firearms for DURAN. According to FLORES, DURAN also gave him the money used to prepay at High End. FLORES stated that DURAN was operating on behalf of the Sinaloa cartel and that the Sinaloa cartel in Mexico was the intended recipient of the rifles. FLORES also stated that DURAN had previously acquired six Barrett .50 caliber rifles that were already in Mexico.

The defendant hereby stipulates that the following enhancements under the Sentencing Guidelines apply in calculation of his guideline sentence: USSG §2K2.1(b)(1)(B), number of firearms between 8 and 24; USSG §2K2.1(b)(5), trafficking in firearms; and USSG §2K2.1(b)(6)(A), straw purchase.

Defendant's Initials

The defendant hereby further stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_Jose Flores_

**JOSE NICOLAS FLORES**

## III.    RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

**A.** That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

Defendant's Initials _JF_

**B.**    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the **low end** of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**C.**    That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

**D.**    That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

**E.**    That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

**F.**    That the defendant pay a special assessment of **$400**, said amount due and owing as of the date sentence is pronounced.

## IV.    WAIVERS

### A.    STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, Jose Nicolas Flores, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

Defendant's Initials  _J. F._

## B.    RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, Jose Nicolas Flores, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2.    Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.    Ineffective assistance of counsel.

Defendant's Initials _J F_

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.   The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, Jose Nicolas Flores, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Jose Flores*
**JOSE NICOLAS FLORES**

## V.     UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement. the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.     AGREEMENT NOT BINDING ON COURT

Defendant's Initials *J. F.*

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.     VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.    OTHER DISTRICTS AND JURISDICTIONS

Defendant's Initials _____

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials _____

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.      AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

Defendant's Initials _____

XI.     **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

XII.    **FORFEITURE**

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in Counts One, Two, Three, and Four of the Indictment including: Ruger, Model 5.7, 5.7x28mm pistol, bearing serial number 642-37130, and any accompanying magazines and ammunition.  For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to consent to the immediate entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all property involved in or used in the commission of the offense(s) in Counts One, Two, Three, and Four of the Indictment, including: 2016 Nissan Titan XD Platinum, bearing VIN 1N6BA1F43GN507782. For purposes of entering said

Defendant's Initials _____

order of forfeiture, the defendant acknowledges that a nexus exists between the property listed above and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to consent to the immediate entry of a final order of forfeiture against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(l), in the amount of $43,507, which represents property defendant used or intended to be used to commit the offenses alleged in Counts One, Two, Three, and Four of the Indictment, and to which the defendant is indicating the defendant's desire to plead guilty by way of this written Plea Agreement. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said amount and the criminal offense(s) to which the defendant is pleading guilty.

The defendant acknowledges that if, due to an act or omission of the defendant, directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) have been transferred or sold to, or deposited with, a third party; (iii) have been placed beyond the jurisdiction of the Court; (iv) have been substantially diminished in value; or (v) have been commingled with other property which cannot be divided without difficulty, as a result, the Government is authorized under law to seek the forfeiture of any and all assets of the defendant as substitute assets for the purpose of satisfying the final order of forfeiture until same is satisfied in full. As a result, the defendant consents to the forfeiture of any and all of the

Defendant's Initials _J. F._

defendant's property up to the value of $43,507, representing property defendant used or intended to be used to commit the offenses, alleged in Counts One, Two, Three, and Four of the Indictment.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the

Defendant's Initials _____

Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

<u>**Non-Abatement of Criminal Forfeiture**</u>

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.    The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.   To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.    IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.   The defendant's

Defendant's Initials

guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV.   DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **21** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

11/8/2023
DATE

JOSE FLORES
**JOSE NICOLAS FLORES**
Defendant

Defendant's Initials

## XV.      COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this plea agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea agreement on the terms and conditions set forth herein.

| | |
|---|---|
| 11/8/23 | |
| DATE | **DALE JONES** |
| | Defendant's Counsel |

## XVI.      GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

11/29/23
DATE

**DANIEL S. MCBRAYER**
Assistant United States Attorney

Defendant's Initials _____